

### OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Burl Brittain
County Auditor
San Patricio County
Sinton, Texas

Dear Sir:

Opinion No. O-3198
Re: Sheriff is only entitled
to actual expenses for
conveying lunacy prison-
ers to State Asylum.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"When the sheriff conveys two lunacy prison-
ers to the State Hospital at the same time, which
two were tried at the same time, that is, one case
immediately followed the other, the writs of con-
veyances were issued on each at the same time, is
the sheriff entitled to 10¢ per mile per each prison-
er or is he only entitled to 10¢ per mile actually
traveled?"

Article 3194, Vernon's Annotated Texas Civil Stat-
utes, reads as follows:

"The expenses of conveying all public patients
to the asylum shall be borne by the counties res-
pectively from which they are sent; and said coun-
ties shall pay the same upon the sworn account of
the officer or person performing such service,
showing in detail the actual expenses incurred in
the transportation. In case any public patient
is possessed of property sufficient for the pur-
pose, or any person legally liable for his support
is so possessed of property, the county paying the
expenses of such transportation shall be entitled
to reimbursement out of the estate of the lunatic
or the property of the person legally liable for
his support, which may be recovered by the county
on suit brought therefor."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

The above quoted Article governs this question. Article 5561, Vernon's Annotated Texas Civil Statutes, providing fees for officers and jurors in lunacy cases for similar services performed in misdemeanor cases in Justice Courts, etc., has no application to this question. See the opinion of Honorable R. V. Davidson, Attorney General of Texas, dated September 11th, 1906, 1906-1908 Reports of Attorney General of Texas, page 334, which construed the Acts of 1903, p. 110, (Now article 5561, V.A.C.S.) to apply only to fees in judicial proceedings.

On March 19th, 1929, this department held in an opinion written by Honorable R. D. Cox, Jr., Assistant Attorney General of Texas, that a sheriff was entitled to receive only actual expenses incurred in conveying a convicted lunatic to the asylum as authorized by Article 3194, V.A.C.S.

On January 16th, 1936, this department held in an opinion written by Honorable Joe J. Alsup, Assistant Attorney General, that the commissioners' court of a county was unauthorized to allow the sheriff the sum of ten cents (10¢) per mile for conveying a patient to the State Hospital, but that the sheriff was allowed only his actual expenses in the discharge of his duties in this respect.

Opinion No. O-987 of this department holds that a sheriff who conveys feeble-minded persons and lunatics to state institutions, is allowed only his actual expenses in the discharge of his duties in these respects.

You are therefore respectfully advised that it is the opinion of this department that the Sheriff would be entitled to receive only actual expenses incurred in conveying the convicted lunatics to the State Asylum as authorized by Article 3194, supra.

APPROVED MAR 14, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:db

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fenning
Assistant



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN